**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

RAVDEEP SINGH BHASIN,

      Plaintiff,

  v.

DEPARTMENT OF HOMELAND SECURITY, et al.,

      Defendants.
_____/

No. CV 14-0029 RS

**ORDER GRANTING MOTION TO DISMISS**

      Plaintiff Ravdeep Singh Bhasin is a United States citizen. Through an "internet matrimonial website" he met, and eventually married, Pancy Sahini, a citizen of India. Bhasin alleges that Bhasin had misrepresented her immigration status to him. He contends this was the second time she had married a U.S. citizen under false pretenses in an attempt to obtain the right to permanent residency.

      Bhasin filed for dissolution of the marriage. Sahini then allegedly "concocted a plan" to provoke an argument with him so that she could falsely accuse him of domestic violence, and apply under the Violence Against Women Act for a "green card" as a battered spouse. Bhasin brings this action seeking a declaratory judgment and/or writ of mandamus (1) to prevent the immigration authorities from granting Sahini's application(s) for relief, (2) to have Sahini referred to the "Fraud

Detection and National Security Directorate" and her application(s) recorded in the "Treasury Enforcement Communication System," and (3) to have her immediately removed from the country.

Defendants move to dismiss on grounds that Bhasin lacks standing to intercede in the processing of any immigration –related applications Sahini may have filed, and that there is no jurisdiction to compel her removal in any event. Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument and the hearing set for August 14, 2014 is vacated. The motion will be granted.

Bhasin contends he has suffered injury in having been falsely accused of domestic violence. Even assuming that to be true, however, it does not translate into a legally cognizable interest in the disposition of any immigration related applications Sahini may have filed.  Additionally, as defendants correctly point out, courts do not have jurisdiction to compel removal proceedings. 8 U.S.C. § 1252(g); *United States v. Hovsepian*, 307 F.3d 922, 931 (9th Cir. 2002).   Finally, there is no basis to believe that these fundamental jurisdictional defects could be cured through amendment.  Accordingly, the complaint must be dismissed, without leave to amend.  A separate judgment will issue.

IT IS SO ORDERED.

DATED: 8/12/14

_____

RICHARD SEEBORG
United States District Judge